Joseph D. GEESLIN, Jr., Special Deputy Insurance Commissioner, Indiana Dept. of Insurance, Indianapolis, Indiana, Plaintiff-Appellant,

v.

George E. MERRIMAN et al., Defendants-Appellees.

No. 74–1435.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 13, 1974.

Decided Dec. 15, 1975.

George C. Eyrich, Cincinnati, Ohio, Owen C. Neff, Cleveland, Ohio, for plaintiff-appellant.

Donald H. Swain, Cincinnati, Ohio, for defendants-appellees.

Before PHILLIPS, Chief Judge, EDWARDS, Circuit Judge, and O'SULLIVAN,* Senior Circuit Judge.

PER CURIAM.

Plaintiff-appellant in this case is a lawyer who was appointed as a Special Deputy Insurance Commissioner for the State of Indiana and liquidator of the bankrupt United Bonding Insurance Company, an Indiana corporation. He filed this action against three individuals previously connected with Mid-Valley Contracting, Inc., as officers and stockholders who had signed personal indemnity bonds in favor of United Bonding in order to secure its performance bond for Mid-Valley. Mid-Valley went bankrupt and subsequently so did United Bonding.

The suit was filed in the United States District Court for the Southern District of Ohio under the District Court's diversity jurisdiction. The District Judge, on his own motion and without hearing, dismissed the complaint at pretrial. He held that his court had no jurisdiction because Geeslin was an agent of the

* Honorable Clifford O'Sullivan died on October 7, 1975, and as a consequence, he did not participate in the decision of this case.

State of Indiana and should be regarded as the State rather than as a citizen of a state. In this regard, of course, he relies upon the language of 28 U.S.C. § 1332 (1970) which reads:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

(1) citizens of different States;
. . . . 28 U.S.C. § 1332(a)(1) (1970).

Plaintiff-appellant, however, argues that Geeslin was simply a liquidating agent placed in charge of the corporation under Indiana state law in much the same way any trustee in bankruptcy would be placed in charge of a corporation. He also argues that the real parties in interest are the creditors of United Bonding and perhaps its stockholders, if in the end anything is left over after all creditors are paid. By affidavit filed with his motion for rehearing in this case, plaintiff-appellant states:

That the lawsuits he has commenced against indemnitors and principals of bonds issued by United Bonding Insurance Company are brought on behalf of the creditors of United Bonding Insurance Company and are not brought on behalf of the State of Indiana.

In his decision the District Judge relied heavily upon *Hertz v. Knudson,* 6 F.2d 812 (8th Cir. 1925). Our reading of *Hertz* does indicate support for the action of the District Judge in our instant appeal. Our further consideration of the *Hertz* analysis of the critical issue— namely, whether plaintiff Knudson, Deputy and Acting Secretary of Trade and Commerce of Nebraska, was for purposes of diversity jurisdiction a "citizen" or a "state"—convinces us that *Hertz* was wrongly decided and should not be followed. *Relfe v. Rundle,* 103 U.S. 222, 26 L.Ed. 337 (1880); *Missouri, Kansas & Texas Ry. v. Missouri R. R. & Warehouse Commissioners,* 183 U.S. 53, 22 S.Ct. 18, 46 L.Ed. 78 (1901); *Missouri v. Homesteaders Life Ass'n,* 90 F.2d 543 (8th Cir. 1937).

In *Missouri v. Homesteaders Life Ass'n, supra,* the Eighth Circuit substantially narrowed the language in *Hertz v. Knudson* upon which the District Judge had relied in this case, if indeed in practical effect it did not overrule *Hertz:*

It is urged by plaintiff that even though the statutes contemplate or require that the suit be brought and maintained in the name of the Superintendent of the Insurance Department, still the state is in such relation to that department that it in reality represents the state. Such a situation was recognized by this court in *Hertz v. Knudson* (C.C.A.8) 6 F.2d 812. The state, however, may establish a separate entity which for purposes of litigation must be considered the only party to the action. *Louisiana Highway Commission v. Farnsworth* (C.C.A.) 74 F.2d 910. Certiorari was denied in *Louisiana Highway Commission v. Farnsworth,* 294 U.S. 729, 55 S.Ct. 638, 79 L.Ed. 1259.

The *Farnsworth* Case was based upon a road contract entered into between the State of Louisiana approved by the Louisiana Highway Commission by its chairman and the State Highway Engineer, and the plaintiff. The court's jurisdiction was challenged upon the ground that the state was the actual party defendant. It appeared that the Louisiana Highway Commission was created by the Legislature of Louisiana with the power to sue and be sued. It had a distinct legal entity from the state, and the court held that the commission and not the state was the actual party defendant in the case. The opinion points out the distinction between the case there under consideration and the case of *State Highway Commission v. Utah Construction Co.,* 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262, relied upon by plaintiff.

In *State Highway Commission v. Kansas City Bridge Company,* 81 F.2d 689, 691, we point out the distinction between the case of *Louisiana Highway Commission v. Farnsworth,* supra,

and *State Highway Commission v. Utah Construction Co.,* supra. In the *Utah Construction Company* Case, the State Highway Commission was not authorized to sue nor be sued. So, in *State Highway Commission v. Kansas City Bridge Company,* supra, the State Highway Commission could not sue nor be sued. In commenting upon the distinction between these cases we said: "We think that the true distinction between the case of *Louisiana Highway Commission v. Farnsworth,* supra, and *State Highway Commission of Wyoming v. Utah Construction Co.,* supra, is that in the former the federal court had jurisdiction not because the state Supreme Court had held that the commission was a legal entity distinct from the state and subject to suit, but because, under the Constitution and laws of Louisiana, it was such a legal entity and a citizen of Louisiana— while in the latter case the highway commission of Wyoming was a mere representative of the state."

Under the Missouri laws, the Superintendent of the Insurance Department is, we think, an entity distinct from the state with power to sue and be sued. The state in the instant action has not made itself "an active agent," and has not "assumed responsibilities." *Hertz v. Knudson,* supra; *Lankford v. Platte Iron Works Co.,* 235 U.S. 461, 35 S.Ct. 173, 59 L.Ed. 316. *Missouri v. Homesteaders Life Ass'n,* supra, at 548.

In *Relfe v. Rundle* the Supreme Court had discussed the relationship between the State of Missouri and an officer of a state who was charged with acting as receiver for a bankrupt insurance company:

After the decree of dissolution the Life Association Company had no longer any corporate existence, and the temporary agency and receivership of Frost was ended when the property of the corporation was transferred to Relfe and he became under the law entitled to the possession.

Relfe is not an officer of the Missouri State court, but the person designated by law to take the property of any dissolved life insurance corporation of that State, and hold and dispose of it in trust for the use and benefit of creditors, and other parties interested. The law which clothed him with this trust was, in legal effect, part of the charter of the corporation. He was the Statutory successor of the corporation for the purpose of winding up its affairs. As such he represents the corporation at all times and places in all matters connected with his trust. He is the trustee of an express trust, with all the rights which properly belong to such a position. He is an officer of the State, and as such represents the State in its sovereignty while performing its public duties connected with the winding up of affairs of one of its insolvent and dissolved corporations. His authority does not come from the decree of the court, but from the statute. He appeared in Louisiana not by virtue of any appointment from the court but as the statutory successor of a corporation which the Court had in a legitimate way dissolved and put out of existence. He was, in fact, the corporation itself for all purposes of winding up its affairs.

*Relfe v. Rundle, supra,* at 225.

More important, however, is authoritative language from a Supreme Court case construing the same diversity statute with which we deal in our instant appeal:

On the face of the record the railway company was entitled to a removal. The plaintiffs were citizens of Missouri, the State in which the suit was brought. The railway company was a citizen of the State of Kansas. There was, therefore, diverse citizenship, the defendant a citizen of another State than that in which the suit was brought petitioning for removal, and the removal appears perfect in form.

But it was held by the Supreme Court of the State of Missouri that it

was proper to go behind the face of the record and inquire who was the real party plaintiff, and, making such examination, that court decided that the real party plaintiff was the State of Missouri. If that conclusion be correct then no removal in this case was justifiable, because a State is not a citizen within the meaning of the Removal Acts. *Stone v. South Carolina,* 117 U.S. 430 [6 S.Ct. 799, 29 L.Ed. 962]; *Germania Ins. Co. v. Wisconsin,* 119 U.S. 473; *Postal Telegraph Cable v. Alabama,* 155 U.S. 482 [15 S.Ct. 192, 39 L.Ed. 231].

Was the State the real party plaintiff? It was at an early day held by this court, construing the Eleventh Amendment, that in all cases where jurisdiction depends on the party, it is the party named in the record. *Osborn v. United States Bank,* 9 Wheat. 738 [6 L.Ed. 204]. But that technical construction has yielded to one more in consonance with the spirit of the Amendment, and in *In re Ayers,* 123 U.S. 443 [8 S.Ct. 164, 31 L.Ed. 216], it was ruled upon full consideration that the Amendment covers not only suits against a State by name but those also against its officers, agents and representatives where the State, though not named as such, is nevertheless the only real party against which in fact the relief is asked, and against which the judgment or decree effectively operates. And that construction of the Amendment has since been followed. That Amendment refers only to suits brought against a State. But applying the same principles of construction to the Removal Acts and to cases in which it is claimed that the State, though not the nominal is in fact the real party plaintiff, it may be fairly held that the State is such real party when the relief sought is that which enures to it alone, and in its favor the judgment or decree, if for the plaintiff, will effectively operate. Such a case was *Ferguson v. Ross,* 38 Fed. Rep. 161. There an action was brought in the name of Ferguson, a shore inspector, against Ross and others, to recover a penalty. The statute of New York authorized the suit to be prosecuted in the name of the inspector, but all the moneys recovered were payable into the treasury of the State, and it was held by the Circuit Court for the Eastern District of New York that the action was one in which the real party plaintiff was the State. It was for its sole benefit that the action was brought, and it alone was to be benefited by the recovery.

*Missouri, Kansas & Texas Ry. v. Missouri R. R. & Warehouse Commissioners, supra,* at 58–59, 22 S.Ct. at 20.

The principles outlined above have never been overruled and have been adopted by this court:

It is apparent that the Legislature very carefully immunized the treasury of the state from any obligations whatever arising out of the creation of the turnpike commission or any projects which it might undertake.

The question as to whether or not the state is the real party in interest must be "determined by the essential nature and effect of the proceeding as it appears from the entire record." *Copper S. S. Co. v. State of Michigan,* 6 Cir., 194 F.2d 465, 466; *In re Ayers,* 123 U.S. 443, 8 S.Ct. 164, 31 L.Ed. 216; *Pennoyer v. McConnaughy,* 140 U.S. 1, 12, 11 S.Ct. 699, 35 L.Ed. 363; *Ford Motor Co. v. Department of Treasury of State of Indiana,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389.

\* \* \* \* \* \*

This action will not and cannot in any way affect the Treasury of the State of Ohio. That is a test of whether or not a suit is against the state. In *Ford Motor Co. v. Department of Treasury of State of Indiana,* supra, at page 463 of 323 U.S., at page 350 of 65 S.Ct., the Court said, "The action is against the state's department of treasury," and at page 464 of 323 U.S., at page 350 of 65 S.Ct., "And when the action is in essence one for

the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants."

*Harrison Construction Co. v. Ohio Turnpike Comm'n,* 272 F.2d 337, 339–40 (6th Cir. 1959).

*See also George R. Whitten, Jr., Inc. v. State University Construction Fund,* 493 F.2d 177 (1st Cir. 1974).

This does not mean that we should now make a final determination of whether the real party in interest on the plaintiff's side of this case was the state. All we hold is that on the present state of the record, the state was not the real party in interest and hence the District Court was in error in dismissing the complaint sua sponte for want of jurisdiction. It may be, of course, that on remand defendant can plead and show the contrary by establishing a state interest which thus far does not appear.

The judgment of the District Court is vacated and the case is remanded for further proceedings consistent with this opinion.