In the Matter of the Liquidation of ALL–STAR INSURANCE CORPORATION, a Wisconsin Corporation.

Roderick B. McNAMEE, Special Deputy Commissioner of Insurance of the State of Wisconsin for the Liquidation of All-Star Insurance Corporation, Plaintiff,

v.

JAMES F. JACKSON & ASSOCIATES, INC., Defendant.

Roderick B. McNAMEE, Special Deputy Commissioner of Insurance of the State of Wisconsin for the Liquidation of All-Star Insurance Corporation, Plaintiff,

v.

NORTH SUBURBAN INC., Defendant and Third-Party Plaintiff,

v.

SIC GENERAL AGENCY, Third-Party Defendant.

Civ. A. Nos. 79–C–419, 79–C–621.

United States District Court, E. D. Wisconsin.

Feb. 26, 1980.

James A. Urdan and Matthew J. Flynn, Milwaukee, Wis., for plaintiff.

John H. Wessel, Milwaukee, Wis., for SIC General Agency.

Roger C. Minahan, Don S. Peterson and Richard G. Chandler, Milwaukee, Wis., for defendant in No. 79–C–41.

Michael E. Husmann, Milwuakee, Wis., and Sheldon O. Collen, Chicago, Ill., for defendant North Suburban Inc.

DECISION AND ORDER

REYNOLDS, Chief Judge.

The above-entitled two actions, one of which is assigned to me and the other to Judge Robert W. Warren, are consolidated and are being considered together by me only for purposes of this decision on the pending motions to remand to state court. The motions raise identical issues, and for the following reasons, the motions will be granted.

All-Star Insurance Corporation ("All-Star"), a domestic insurance corporation,

was ordered into liquidation on March 1, 1977, pursuant to Ch. 645, Wis.Stats., the Insurers Rehabilitation and Liquidation Act, under the jurisdiction of the Milwaukee County Circuit Court. The appointment of Special Deputy Commissioner of Insurance of the State of Wisconsin Roderick B. McNamee as liquidator for All-Star was approved by the Circuit Court on September 9, 1977. Section 645.42(1), Wis. Stats. Pursuant to § 645.46(6), Wis.Stats., which authorizes him to commence actions to collect debts and moneys due and claims belonging to the insurer, Mr. McNamee on March 1, 1979 and July 6, 1979, respectively, commenced actions against the defendants James F. Jackson & Associates, Inc., and North Suburban Inc., in Milwaukee County Circuit Court. The defendants are foreign corporations which were allegedly agents for All-Star and owe to it certain sums pursuant to their agency contracts. The state court actions were removed by the defendants to this court pursuant to 28 U.S.C. § 1441 on the basis of diversity of citizenship.

The plaintiff has moved the court to remand the actions to state court. He argues, first, that the State of Wisconsin is the real party-plaintiff in interest and, therefore, that diversity of citizenship is lacking; second, that the court lacks subject matter jurisdiction because these actions are in rem and the res, which is the corpus of All-Star's assets, is under the prior jurisdiction of the Milwaukee County Circuit Court; and third, that if it has jurisdiction, the Court should abstain from exercising it because in doing so it would interfere with the ongoing state court liquidation proceeding and would undermine the State's interest in the orderly regulation and liquidation of domestic insurance companies.

The Court is not persuaded that the State of Wisconsin is the real party-plaintiff in interest, nor that these actions are in rem. While the Special Deputy Commissioner of Insurance is an officer of the State, he is authorized in a liquidation proceeding to bring and to defend suits in his own name, § 645.49, Wis.Stats.; title to the insurance company's assets vests in him and not in the

State of Wisconsin, § 645.42(1), Wis.Stats.; and he functions at least in part for the protection of the creditors of the insured and not merely for the protection of the public generally, § 645.01(4), Wis.Stats. *Geeslin v. Merriman*, 527 F.2d 452 (6th Cir. 1975). While the assets of All-Star are a res within the possession of the Milwaukee County Circuit Court, and claims against the res must be raised in that court in the liquidation proceedings, § 645.47, Wis. Stats.; *Blackhawk Heating & Plumbing Company Inc. v. Geeslin*, 530 F.2d 154 (7th Cir. 1976) (finding no subject matter jurisdiction because " * * * [t]he appointment of a receiver and institution of liquidation proceedings * * * constitutes an action *in rem* * * * [a]nd Blackhawk's [the creditor's] petition in federal court to turn over assets [belonging to the insurer] was also clearly an action *in rem.* * * *" 530 F.2d at 158), an action by the liquidator to add to the res by collection of a debt owing to the insured is an in personam action and need not be brought in the court wherein the liquidation proceeding is pending. Section 645.46(6), Wis.Stats.; Section 645.49, Wis.Stats. As stated in *Barrett v. International Underwriters, Inc.*, 346 F.2d 345, 348–349 (7th Cir. 1965):

"While it is true that as between state and federal courts the court whose jurisdiction is first invoked by the filing of a suit is treated as having constructive possession of the *res* to the exclusion of other courts, [citations omitted], this does not mean that all other courts are thereby precluded from deciding every question which might concern the property involved. [Citation omitted.] The rule is that other courts may not render any judgment or decree which will interfere with the constructive possession of the court which first took jurisdiction. [Citations omitted.] In the *Lubbock Hotel Co.* [v. Guaranty Bank and Trust Co., 77 F.2d 152 (5th Cir. 1935)] case the federal court foreclosed a mortgage on property that was under a state court receivership, but declined to order a sale of the property, since this would have been an interfer-

ence with the state court's possession. Similarly, the district court in the case before us merely declared that the levies of execution created valid liens against the property of the Exchange in custody of the garnishees. The district court noted that the property is in *custodia legis*, subject to the supervision of the Circuit Court of Marion County and not subject to sale by the United States Marshal. The court expressly abstained from granting any further relief to Barrett beyond declaring the validity and time of attaching of the execution liens, stating that plaintiff's 'complete relief' was in the Marion Circuit Court liquidation proceedings.

"There was no invasion of the state court's jurisdiction here. The federal court's jurisdiction was properly invoked to determine rights as between the parties and so long as the district court did not interfere with, or impede, the state court's constructive possession, there was no invasion of jurisdiction."

Similarly in this case, this Court could limit its relief to a declaration of the debts owing, if any, from the defendants to All-Star and the amount of said debts, and leave to the Milwaukee County Circuit Court the matter of enforcement.

Abstention is appropriate in this case, however. In *Rice v. Rice Foundation*, 610 F.2d 471 (7th Cir. 1979), discussing abstention in the context of state probate matters, the Seventh Circuit stated:

"* * * Even where a particular probate-like case is found to be outside the scope of the probate exception [to federal subject matter jurisdiction], the district court may, in its discretion, decline to exercise its jurisdiction. The nature of the issues presented in such cases can make discretionary abstention particularly appropriate. * * *

* * * * * *

"The fact that a federal suit may not directly interfere with state probate proceedings merely permits the exercise of federal jurisdiction, it does not require it. We agree with the Second Circuit that the scope of the probate exception does not necessarily define the area in which the exercise of federal judicial power is appropriate:

'[T]here is particularly strong reason for abstention in cases which, though not within the exceptions for matters of probate and administration or matrimony and custody actions, are on the verge, since like those within the exception, they raise issues "in which the states have an especially strong interest and a well-developed competence for dealing with them." '

*Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel*, 490 F.2d 509, 516 (2d Cir. 1973) [citations omitted].

"Discretionary abstention in probate-related matters is suggested not only by the strong state interest in such matters generally but also by special circumstances in particular cases. Where the state courts are already familiar with the litigation before the district court and the federal suit is intertwined with state court proceedings, the district court may properly decline to exercise its jurisdiction. * * * *" (610 F.2d at 477–478.)

The Seventh Circuit has indicated that, like probate matters, the area of liquidation of domestic insurance companies is an area of particular state concern:

"The states have a paramount interest in seeing that liquidation proceedings conducted by court-appointed liquidators and overseen by their courts are free from the interference of outside agencies. This interest is of even greater importance when the company undergoing liquidation is a domestic insurance company or other financial institution. [Citations omitted.] The interests of the company's owners, policyholders, and creditors, as well as the public, are best served and protected by an orderly and efficient process of liquidation. The liquidation of Prudence is best left to a proceeding which will settle all of its affairs and dispose of all of its property. Federal courts should refrain from deciding select issues confronting another court in pend-

ing proceedings. [Citations omitted.]" *Blackhawk Heating & Plumbing Company Inc. v. Geeslin*, supra, at 159–160. In *Blackhawk*, the Court found a lack of subject matter jurisdiction because the res which was the subject of the federal proceeding was within the custody of a state court in a prior proceeding. In these cases, in contrast, the court has subject matter jurisdiction because the actions are in personam and the select issues raised are not presently before a state court, these suits having been removed from the Milwaukee County Circuit Court. Nevertheless, reading *Blackhawk* in conjunction with *Rice v. Rice Foundation*, supra, the Court is satisfied that it may and should exercise its discretion to abstain from taking jurisdiction.

■ While a federal court will ordinarily not abstain from deciding a controversy between private parties, *United States General, Inc. v. Arndt*, 417 F.Supp. 1300 (E.D. Wis.1976), it may do so where the "exercise of federal review * * * would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 814, 96 S.Ct. 1236, 1245, 47 L.Ed.2d 483 (1976). The regulation and liquidation of state domestic insurance companies is a matter of substantial public concern, *Blackhawk Heating & Plumbing Company Inc. v. Geeslin*, supra; and Ch. 645, Wis.Stats., is a comprehensive state effort to deal with that area of state concern. While, as stated above, the liquidator acts in part to protect the interests of the insurance company's creditors, he also acts to protect the public interest. Section 645.-01(4), Wis.Stats. Thus, this action is not entirely one between private parties, and the strong state interest in orderly liquidation dictates the exercise by the court of its discretionary abstention. *Rice v. Rice Foundation*, supra, 610 F.2d at 477.

---

* As noted by the plaintiff in his supporting briefs filed July 12, 1979 and August 24, 1979, at page 12, for example, each defendant has in its an-

■ More particularly in these two cases, there are also special circumstances which suggest the appropriateness of discretionary abstention. *Rice v. Rice Foundation*, supra, 610 F.2d at 477. The plaintiff-liquidator has commenced, in addition to these two actions, numerous actions which are ancillary to the All-Star liquidation proceeding and are still pending in the Milwaukee County Circuit Court. Also, Ch. 645, Wis.Stats., is a recent state legislative enactment, and its significance and the interaction of its provisions have not yet been thoroughly considered and interpreted by the state courts.* It is appropriate, at least until some guidance from the state courts on Ch. 645 has been provided, for a federal court to abstain from interfering with the development of policy in an area of such substantial state concern.

For the foregoing reasons,

IT IS ORDERED that the motions of the plaintiff Roderick B. McNamee to remand the above-entitled actions to the Milwaukee County Circuit Court is granted, and that the clerk of court forthwith return these actions to that court.

---

swer challenged the application to it of the special personal jurisdiction provision. § 645.-04(5), Wis.Stats.