# GERMANIA INSURANCE COMPANY *v.* WISCONSIN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
WESTERN DISTRICT OF WISCONSIN.

Submitted November 23, 1886. — Decided December 13, 1886.

A suit by a State in one of its own courts cannot be removed to a Federal
court under the act of 187F, unless it be a suit arising under the Consti-
tution or laws of the United States, or treaties made under their author-
ity. *Ames* v *Kansas*, 111 U. S. 449, affirmed.

A suit cannot be said to be one arising under the Constitution or laws of
the United States until it has in some way been made to appear on the
face of the record that "some title, right, privilege, or immunity, on
which the recovery depends, will be defeated by one construction of the
Constitution or a law of the United States, or sustained by an opposite
construction." *Starin* v. *New York*, 115 U. S. 248, affirmed.

An insurance company of New Orleans was summoned into a State court
of Wisconsin by the State in order to recover from it statutory penalties
for doing business in the State without complying with its laws. Ser-
vice of process was made on A, a citizen of Wisconsin who was de-
scribed in the sheriff's return as "being then and there an agent" of the
company. The company made a special appearance and moved to vacate
all proceedings for want of jurisdiction, and filed in support of it affi-
davits to the effect that A was never its agent, and that it had no agent
in the State and had had none for ten years then last past: *Held,* That
this issue was a mixed question of law and fact, in no way dependent
upon the construction of the Constitution or any law of the United
States, and as the complaint disclosed no reason for the removal of the
cause to a Federal court, it was not removable.

This was a writ of error brought under § 5 of the act
of March 3, 1875, c. 137, 18 Stat. 470, for the review of an
order of the Circuit Court remanding a suit which had been·
entered in that court as a suit removed from a State court.
The record showed a suit brought by the State of Wisconsin,·
in one of its own courts, against the Germania Insurance
Company of New Orleans, an insurance company incorporated
by the State of Louisiana, and having its principal office and
place of business in New Orleans, to recover certain statutory
penalties for doing business in Wisconsin without complying

with the laws of that State in reference to foreign insurance companies. The only process in the cause was served, December 29, 1885, on L. D. Harmon, a citizen of Wisconsin, and described in the sheriff's return as "being then and there an agent of the said defendant."

On the 12th of April, 1886, the insurance company came, and, entering "its special appearance in the action . . . for the purpose of this motion only," moved the court "to vacate and set aside the pretended service of summons" as above stated, "and all and every proceeding in said action subsequent thereto, for want of jurisdiction, and irregularity in said pretended service of process." In support of this motion an affidavit of the vice-president and of the secretary of the company was filed, to the effect that Harmon was never the agent of the company, and that the company had no agent in the State, and had had no agent, and had not transacted insurance business there for ten years then last past. Before any action was had upon this motion, the company, on the same 12th of April, presented to the court its petition for the removal of the suit to the Circuit Court of the United States for the Eastern District of Wisconsin, in which was set forth the motion to set aside the service of the summons in the action and the special appearance of the company for the purposes of that motion only, and the grounds of the motion. The petition then stated, "that the suit arises out of a controversy between the parties in regard to the operation and effect of certain provisions of the laws of the State of Wisconsin, said to be in conflict with the Constitution of the United States in various particulars, and necessitating a construction thereof, among which subjects of controversy are the following, to wit:

"Whether the attempt of the State to prevent the company from doing business in the way it was done was not in conflict with § 1, Art. 14, and with § 8, Art. 1, of the Constitution; and

"Whether the aforesaid proceedings in said court, and the attempt to proceed against your petitioner by service of summons or process upon one not authorized to represent it, with-

out appearance in court, constitutes 'due process of law' within the meaning of the Constitution of the United States."

The State court refused to allow a removal, and thereupon the company took a copy of the record to the Circuit Court, where proceedings were had on the 29th of May in accordance with the following docket entry:

"The State of Wisconsin

*v.*

The Germania Insurance Company of New Orleans.

"And comes the defendant, specially appearing by Cotzhausen, Sylvester, Scheiber & Sloan, for purposes of pending motion only, and moves the court for an order docketing this cause, which motion was granted *ex parte;* and the defendant, appearing specially for the purposes of this pending motion, gives notice that on the 7th day of June, A.D. 1886, at the opening of court on that day, or as soon thereafter as counsel can be heard," the plaintiff will be required to show cause "why the pending motion to set aside the pretended service of summons and all subsequent proceedings in said cause should not be taken up, heard, and considered."

On the 24th of June the Circuit Court remanded the cause, whereupon this writ of error was sued out.

*Mr. F. W. Cotzhausen* for plaintiff in error.

*Mr. H. W. Chynoweth* for defendant in error.

MR. CHIEF JUSTICE WAITE, after stating the case, delivered the opinion of the court.

A suit by a State in one of its own courts cannot be removed to a Circuit Court of the United States under the act of 1875, unless it be a suit arising under the Constitution or laws of the United States or treaties made under their authority, *Ames* v. *Kansas*, 111 U. S. 449; and a suit cannot be said to be one arising under the Constitution or laws of the United States until it has in some way been made to appear on the face of the record that "some title, right, privilege, or immu-

nity, on which the recovery depends, will be defeated by one construction of the Constitution or a law of the United States, or sustained by an opposite construction." *Starin* v. *New York*, 115 U. S. 248, 257. This record shows no such thing, for, as the case now stands, the right of recovery depends alone on the question whether service of summons has been made on a person who was at the time an agent of the company within the State on whom process might legally be served, so as to bind the company and bring it within the jurisdiction of the court. This is a mixed question of law and fact, and in no way dependent on the construction of the Constitution or any law of the United States. If decided in one way, the suit will be at an end and the company relieved from all necessity of appearing to defend. If in another, the company must appear or suffer the consequences of a default. As yet no suit arising under the Constitution or laws of the United States has been *brought*, within the meaning of that term as used in the statute. There is nothing in the complaint which discloses any such case, and, until the company submits itself to the jurisdiction of the court for the trial of the suit, it cannot be permitted to allege any new matter. All further proceedings have been stopped by the company on its own motion until it can be determined whether any suit at all has in law been begun so as to require the company to appear and defend. The case stands, therefore, on the summons, the alleged service, the complaint, the special appearance of the company for the purposes of its motion to vacate the service, and the petition for removal, which must be limited in its statements to such as are consistent with the special appearance which has been entered. No new matter in the nature of a defence to the action can be introduced. The only question which can be considered in the case as it now stands is whether Harmon, on whom this process was served, was in fact an "authorized agent." The suit, therefore, does not, as yet, "really and substantially involve a dispute or controversy properly within the jurisdiction of the Circuit Court," and it was properly remanded.

The order to that effect is consequently

*Affirmed.*

Opinion of the Court.

*People's Insurance Company* v. *Wisconsin.* Error to the Circuit Court of the United States for the Eastern District of Wisconsin. The cause was submitted with *Germania Insurance Co.* v. *Wisconsin,* by the same counsel. MR. CHIEF JUSTICE WAITE delivered the opinion of the court. The material facts in this case are substantially like those in *Germania Insurance Co.* v. *Wisconsin,* just decided, and the questions for determination are the same. The order remanding the suit is affirmed on that authority.

*Affirmed.*