STATE OF WEST VIRGINIA v. KING et al.

(Circuit Court, S. D. West Virginia. December 11, 1901.)

1. FEDERAL COURT—REMOVAL OF CAUSES.
   A suit instituted by a state against a claimant of land, to enforce a forfeiture of the land and subject it to sale for the benefit of the school fund was not originally cognizable in the federal courts, nor was it removable thereto, there being no federal question presented by the bill, and the state not being a citizen, within the judiciary act and removal laws.

2. SAME.
   Though an action could not originally have been instituted in the federal courts, controversies therein might thereafter arise between parties thereto which would present grounds for removal.

3. SAME—WAIVER.
   Where a defendant in a suit in a state court, after his application for a removal to a federal court had been denied, presented an amendment to his pleadings previously filed, which the court allowed, and thereafter prosecuted a writ of prohibition in the state court of appeals, such subsequent proceedings constituted a waiver of his right to removal, and, the cause having been subsequently docketed by him in the federal court, was subject to remand.

In Equity.

J. H. Holt and W. P. Hubbard, for complainant.
Flournoy & Price and M. F. Stiles, for defendants.

GOFF, Circuit Judge. This suit was instituted by the state of West Virginia, in a circuit court of that state, for the purpose of subjecting to sale for the benefit of the school fund, as forfeited to said state, a tract of 500,000 acres of land, which had been granted by the commonwealth of Virginia to Robert Morris, by patent dated June 23, 1795, and to which the defendant Henry C. King claimed title at the time the suit was so commenced. The suit was brought under the provisions of chapter 105, Code W. Va.; relating to the sale of lands for the benefit of the school fund. A full statement of the pleadings in said cause, and of the proceedings had therein in the courts of the state of West Virginia,—the circuit and the court of appeals,—is not essential to the disposition of the motion now under consideration. On the 20th day of July, 1901, the defendant King tendered to the circuit court of Cabell county, W. Va., where the case was then pending, his petition and bond, asking for the removal of the suit to the circuit court of the United States for the Southern district of West Virginia. The said court of Cabell county, by an order entered on the 5th day of August, 1901, refused to direct the removal of the cause, and thereupon King, having procured a copy of the record, filed the same in this court, and moved that the case be docketed and proceeded with herein, which was done, whereupon the state of West Virginia moved that it be remanded to the circuit court of Cabell county. That motion alone is now to be disposed of.

That the case as originally instituted could not have been removed to this court is quite evident, because no federal question was presented by the bill, and the state is not a citizen, within the meaning

112 F.—24

of the judiciary act and the removal laws. Stone v. South Carolina, 117 U. S. 430, 6 Sup. Ct. 799, 29 L. Ed. 962; Germania Ins. Co. v. Wisconsin, 119 U. S. 473, 7 Sup. Ct. 260, 30 L. Ed. 461; Postal Tel. Cable Co. v. Alabama, 155 U. S. 482, 15 Sup. Ct. 192, 39 L. Ed. 231. The suit could not have been originally brought in the circuit court of the United States, and no suit is removable from a state to a federal court which was not originally cognizable in the latter court. Railroad·Co. v. Davidson, 157 U. S. 201, 15 Sup. Ct. 563, 39 L. Ed. 672; Act Cong. March 5, 1875, as amended by Acts March 3, 1887, and August 13, 1888. Counsel for King do not in `fact controvert this construction of the law as I have stated it, but their real contention is that the suit they desire to remove to the circuit court of the United States is not the action originally brought by the state of West Virginia, but the controversy· raised by certain of the defendants in their respective answers, in which they set up title to parts of said land adverse to the defendant King as well as to the state of West Virginia. These answers were filed in the circuit court of Cabell county, W. Va., on different days in the month of July, 1901, and as to them, and the questions raised therein, defendant King insists .that his petition for removal was filed in the state court before the time to plead, answer, or demur thereto had arrived. While it is true that a case is not removable from a state to a federal court which could not originally have been instituted in the federal court, still it is possible ·that during the pendency of such a case in a state court a controversy may arise between some of the parties thereto that may. be removed to the circuit court of the United States. In such instances the controversy so brought into the case pending in the state court is. one that could also have been instituted in a court of the United States. So far as the case I now consider is concerned, I do not find it necessary to decide that point, for the reason that, dispose of it as ·I may, the motion to remand must be granted, because the defendant King, after the filing of his petition and bond, and after the state court refused to enter the order of removal, waived his right to remove, by additional proceedings in said cause, had on his motion in both the circuit court of Cabell county and the court of appeals of West Virginia. The action taken by him in the circuit court of Cabell county, after said court refused to enter the order of removal, was as follows: The court denied the motion to remove on the 5th day of August, 1901, and on the 24th day of that month King presented to that court an amendment of the pleadings theretofore filed by him, relating to the lands in controversy and the taxes due thereon, which amendment was, by the order of said court, duly filed, and on the same day an additional order was entered, by which the relief prayed for by King in his said amended pleading was granted. The proceedings in the supreme court of appeals of West Virginia consisted of an application for a writ of prohibition, the object of which was to compel the circuit court of Cabell county to proceed with said cause in a particular manner, which King insisted had been fully designated by the court of appeals when the cause was before that court, on

an appeal theretofore prosecuted by the state of West Virginia. These proceedings in said courts of the state of West Virginia were not only inconsistent with the existence of an honest intention on the part of King to remove the case to the circuit court of the United States, but indicated a design on his part, whatever may have been his previous purpose, to proceed with the controversy in the circuit court of Cabell county. This conduct of the defendant King, extending from the 5th day of August, 1901, when his petition for removal was filed, down to and including the 2d day of September, 1901, when he proceeded in prohibition, constituted a waiver of such right as he held, by virtue of the filing of his petition and bond, to remove the case into this court. When the defendant King, on the 17th day of September, 1901, presented the record of this case to this court, and moved that it be docketed herein, the case was then, by reason of his own action and for purposes of his own, regularly pending in the circuit court of Cabell county, W. Va.

The motion to remand is granted.