## LOUIS D. RUBIN ELECTRICAL CO. v. POULNOT, Sheriff, et al.

### No. 510.

District Court, E. D. South Carolina.

Jan. 17, 1931.

George L. Buist, of Charleston, S. C. (Buist & Buist, of Charleston, S. C., and John W. Van Allen, of Buffalo, N. Y., on the brief), for plaintiff.

Cordie Page, Asst. Atty. Gen., and J. Fraser Lyon, of Columbia, S. C. (John M. Daniel, Atty. Gen., on the brief), for defendants.

Before PARKER, Circuit Judge, and COCHRAN and GLENN, District Judges.

ERNEST F. COCHRAN, District Judge.

The plaintiff brought suit to enjoin the defendants from enforcing collection of a tax on radio receiving sets under the provisions of the Act of the Legislature of South Carolina of March 31, 1930 (36 St. at Large, p. 1292). An application has been made for an interlocutory injunction before a court of three judges, in accordance with the provisions of section 266, Judicial Code (U. S. Code, title 28, § 380 [28 USCA § 380]). The case is similar to the case of Station WBT v. Poulnot et al. (Equity No. 509) 46 F.(2d) 671, decided this day; except that in the WBT Case the plaintiff is a corporation of the state of New York having its principal office or place of business at Charlotte, N. C., and is engaged in broadcasting by radio from that point, while in the present case the plaintiff is a South Carolina corporation, and is not engaged in broadcasting, but is engaged in the business of selling radio sets by retail. The facts as developed at the hearing show that the plaintiff, Louis D. Rubin Electrical Company, does a large business in selling radio sets, and about 95 per cent. of this business is done on a partial credit plan, under which the plaintiff retains a lien on the set sold. The plaintiff claims that the South Carolina Radio Tax Act affects it in three ways: First, by requiring it to keep a record of sales under threat of criminal prosecution; second, by attempting to create liens having priority over the retained liens of the plaintiff; and, third, by potentially destroying the

plaintiff's trade in instrumentalities of interstate commerce.

There is here no diversity of citizenship. The plaintiff, however, contends that the jurisdiction of this court can be sustained on two grounds: First, because the case arises under the Constitution of the United States, and the amount in dispute exceeds $3,000; and, second, because the case arises under an act regulating commerce.

■■ There is no doubt that the case as made by the bill is one arising under the Constitution of the United States, and none of the numerous authorities need be cited upon that point. But we are not persuaded that under the present state of the evidence before us, it has been sufficiently shown that the amount in controversy exceeds $3,000, to warrant us in issuing an interlocutory injunction. While the plaintiff has asserted in the bill and by the affidavits of its officers that the right which it seeks to protect by injunction exceeds the sum of $3,000, nevertheless the facts stated do not necessarily warrant that conclusion. So far as the threat of prosecution for failure to keep records is concerned, the only penalty provided is a penalty of not more than $100 or imprisonment of not more than thirty days. So far as the additional lien imposed upon the sets sold by plaintiff is concerned, to secure the taxes, it does not appear that the additional liens are in excess of $3,000. As to the value of plaintiff's right to do business generally, the statements are not only very general and vague, but even from the facts alleged it does not appear clearly that the value would exceed $3,000. In these circumstances, we do not think that the interlocutory injunction should be issued. But fuller proofs upon the final hearing may establish the jurisdictional value. While the interlocutory injunction will be refused, the bill will be retained for final hearing on the merits, reserving to all parties their rights under the jurisdictional question.

■ It is insisted, however, that the jurisdiction may be maintained without regard to the amount in controversy, because, as it is claimed, the case arises under an act to regulate commerce. By section 41, paragraphs 1 and 8 of title 28 of the U. S. Code, 28 USCA § 41 (1) and (8), the District Courts are given jurisdiction of all suits and proceedings arising under any law regulating commerce, and it is expressly provided that the clause fixing the jurisdictional amount shall not apply to such cases. But we do not think this case arises under any law regulating

commerce. The only act to which we have been referred is the Radio Act of February 23, 1927, 44 Stat. c. 169, p. 1162 (47 USCA §§ 81–119). A case arises under a law of the United States whenever its correct decision depends on the construction of the law, or it appears that some title, right, privilege, or immunity on which the recovery depends, will be defeated by one construction of the law or sustained by the opposite construction. It is unnecessary to cite the numerous decisions of the Supreme Court on this point. See Cohens v. Virginia, 6 Wheat. 264, 379, 5 L. Ed. 257; Starin v. New York, 115 U. S. 248, 6 S. Ct. 28, 29 L. Ed. 388; Germania v. Wisconsin, 119 U. S. 473, 7 S. Ct. 260, 30 L. Ed. 461.

■ There is no reason whatever why the question whether a case arises under a law regulating commerce should not be solved upon the same principles as the question whether it is one arising under a law of the United States. We have examined the Radio Act of 1927 carefully and find that the correct decision in this case does not depend on the construction of any provision of that law, nor does the plaintiff's right to relief depend on any title, right, privilege, or immunity granted by that law. In no sense can the case be said to arise under a law regulating commerce.

The motion for an interlocutory injunction will therefore be denied.