**RAY v. POULNOT, Sheriff, et al.**
No. 511.

District Court, E. D. South Carolina.
Jan. 17, 1931.

George L. Buist, of Charleston, S. C. (Buist & Buist, of Charleston, S. C., and John W. Van Allen, of Buffalo, N. Y., on the brief), for plaintiff.

Cordie Page, Asst. Atty. Gen., and J. Fraser Lyon, of Columbia, S. C. (John M. Daniel, Atty. Gen., on the brief), for defendants.

Before PARKER, Circuit Judge, and COCHRAN and GLENN, District Judges.

ERNEST F. COCHRAN, District Judge.

The plaintiff brought suit to enjoin the defendants from enforcing the collection of a tax on radio receiving sets under the provisions of the Act of the Legislature of South Carolina of March 31, 1930 (36 St. at Large, p. 1292). An application has been made for an interlocutory injunction before a court of three judges, in accordance with the provisions of section 266, Judicial Code (U. S. Code, title 28, § 380 [28 USCA § 380]). The case is similar to the cases of Station WBT v. Poulnot et al. (Equity No. 509) 46 F.(2d) 671, and Rubin Electrical Co. v. Poulnot et al. (Equity No. 510) 46 F.(2d) 676, decided this day; except that the plaintiff in the present case is a citizen of South Carolina, resident at Charleston, and is not engaged in broadcasting, nor in selling radio sets, but is merely the owner and operator of a receiving set, upon which the tax is laid.

There is no diversity of citizenship here. The case arises under the Constitution of the United States, but the amount in dispute does not exceed $3,000. The plaintiff contends, however, that the jurisdiction of the court may be maintained because it is a case arising under an act to regulate commerce. By section 41, paragraphs 1 and 8, of title 28 of the U. S. Code, 28 USCA § 41(1) and (8), the District Courts are given jurisdiction of all suits and proceedings arising under any law regulating commerce, and it is expressly provided that the clause fixing the jurisdictional amount shall not apply to such cases.

There is no reason whatever why the question whether a case arises under a law regulating commerce should not be solved upon the same principles as the question whether it is one arising under a law of the United States. Upon the latter question, there are numerous decisions of the Supreme Court setting forth the principles which govern such cases, and they afford an ample guide. A case arises under a law of the United States whenever its correct decision depends on the construction of the law or it appears that some title, right, privilege, or

immunity on which the recovery depends will be defeated by one construction of the law or sustained by the opposite construction. It is unnecessary to cite all the decisions. See Cohens v. Virginia, 6 Wheat. 264, 379, 5 L. Ed. 257; Starin v. New York, 115 U. S. 248, 6 S. Ct. 28, 29 L. Ed. 388; Germania v. Wisconsin, 119 U. S. 473, 7 S. Ct. 260, 30 L. Ed. 461.

The only law regulating commerce to which we have been referred as sustaining the jurisdiction in this case is the Radio Act of February 23, 1927, 44 Stat. c. 169, p. 1162 (47 USCA §§ 81–119). We have examined that act carefully and find that the correct decision in this case does not depend on the construction of any provision of that law, nor does the plaintiff's right to relief depend on any title, right, privilege, or immunity granted by that law. In no sense can the case be said to arise under a law regulating commerce.

We conclude that this court has no jurisdiction in this case, and the interlocutory injunction will therefore be denied.