162

## THOMPSON v. STANDARD OIL CO. OF NEW JERSEY et al.

### No. 2595.

District Court, E. D. South Carolina.

Nov. 10, 1931.

S. M. Wolfe, of Gaffney, S. C., M. L. Smith, of Camden, S. C., and A. F. Spigner and C. T. Graydon, both of Columbia, S. C., for plaintiff.

Buist & Buist, of Charleston, S. C., and Benet, Shand & McGowan, of Columbia, S. C., for defendants.

ERNEST F. COCHRAN, District Judge.

The plaintiff brought a suit in the United States District Court for the Western District of South Carolina against the Standard Oil Company for an alleged breach of contract, and that case has not yet been tried. The Standard Oil Company filed in the clerk's office of the District Court of the United States for the Western District an answer which was verified by J. C. King, who, although not a party to the action, verified the answer as an officer or agent of the defendant therein, the Standard Oil Company.

The plaintiff made a motion before the judge of the District Court for the Western District to strike out certain portions of the answer, on the ground that they were impertinent and irrelevant. That court struck out a certain portion, and refused to strike out the remaining portions of which the plaintiff complained. Thereupon the plaintiff instituted this suit in the state court of Richland county, S. C., against the Standard Oil Company and J. C. King; alleging in substance that that portion of the answer in the suit pending in the Western District of South Carolina which was stricken out by order of that court, and also certain other portions which that court refused to strike out, were libelous, and that, by the filing of said answer in the District Court for the Western District of South Carolina, the Standard Oil Company and J. C. King had committed a joint and concurrent tort. Thereupon two petitions were presented to the state court. of Richland county, praying for the removal of the cause into this court; namely, the United States court for the Eastern District of South Carolina. One of these petitions was presented on behalf of both defendants, and was based on the ground that the action arose under the Constitution and laws of the United States. The other petition was presented by the Standard Oil Company alone, and was based on the ground that there was a separable controversy between the plaintiff and the Standard Oil Company alone, which could be decided without the presence of J. C. King. The state court, upon motion, refused to pass an order transferring the case to the United States court for the Eastern District of South Carolina. The plaintiff has now made a motion in this court to remand the case to the state court for Richland county, on the ground, first, that the case does not arise under the Constitution and laws of the Unit-

ed States; and, secondly, that no separable controversy is presented. The motion has been fully argued before me. Except for the earnest presentation by the learned counsel for the plaintiff of the questions involved, and except for the decision of the state judge who refused to transfer the case (for whose opinion I have the highest regard), I would not have deemed it necessary to make any study of the case or to write an opinion; but would have decided the question immediately upon the conclusion of the oral argument; for I felt then that the principles governing the removal sought here are so well settled and so plain as to lead to no other conclusion but that the case should not be remanded. From deference, however, to the views of the able counsel for the plaintiff and the learned judge of the state court, I have made a careful study of the question and the controlling authorities.

█ It is not necessary to cite authorities to show that, while the opinion of the state judge in refusing to transfer the case may be of highly persuasive force, nevertheless it is not binding upon this court, which must decide the case upon its own final judgment.

█ I will consider only the question as to whether or not the case arises under the laws or Constitution of the United States. The action is one based upon alleged libelous matter contained in an answer filed in a federal court. The plaintiff claims that the alleged matter is libelous, and is not privileged because, as he asserts, it was impertinent and irrelevant to the issues presented. The defendants claim that the matter alleged is not libelous, not impertinent, not irrelevant, and was privileged. The precise question before me now for consideration is not whether the matter was either libelous or privileged, but whether the determination of these questions makes a case arising under the Constitution and laws of the United States. Aside from any authority upon the question, it seems to me that upon reason alone there can be but one answer. The decision in the case will involve the question of the jurisdiction of a court of the United States; the powers and functions of that court; and the rights, duties, and privileges of a litigant therein. If those questions do not arise out of the laws of the United States, then they do not arise out of any laws. All the powers and functions of a federal court arise from federal statutes and the Constitution of the United States, and likewise all the rights, duties, and privileges of a litigant in that court flow from and are protected by the laws of the

United States. The mere fact that questions as to those rights and privileges may depend for their solution upon an application of the common law, in no way negatives the proposition that the rights and privileges claimed flow from and arise out of the laws and Constitution of the United States.

█ A consideration of the rules that have been laid down to determine whether a case arises under the laws and Constitution of the United States will demonstrate that the case at bar is such a case. It has been repeatedly held that a case arises under a law of the United States whenever its correct decision depends on the construction of the law or it appears that some title, right, privilege, or immunity on which the recovery depends will be defeated by one construction of the law or sustained by the opposite construction. Only a few decisions need be cited to this proposition. See Cohens v. Virginia, 6 Wheat. 264, 5 L. Ed. 257; Starin v. N. Y., 115 U. S. 248, 6 S. Ct. 28, 29 L. Ed. 388; Germania Ins. Co. v. Wisconsin, 119 U. S. 473, 7 S. Ct. 260, 30 L. Ed. 461.

The Supreme Court has also held that cases arising under laws of the United States are such as grow out of the legislation of Congress, whether they constitute the right or privilege or claim or protection or defense of the party, in whole or in part, by whom they are asserted. Bock v. Perkins, 139 U. S. 628, 630, 11 S. Ct. 677, 35 L. Ed. 314; Tennessee v. Davis, 100 U. S. 257, 264, 25 L. Ed. 648; New Orleans, M. & T. R. R. Co. v. Mississippi, 102 U. S. 135, 141, 5 S. Ct. 19, 28 L. Ed. 619.

█ And a case arises under the laws of the United States when it arises out of the implication of the law. As was said by Mr. Chief Justice Marshall in Osborn v. Bank of United States, 9 Wheat. 738, 6 L. Ed. 204, infra: "It is not unusual, for a legislative act to involve consequences which are not expressed. An officer, for example, is ordered to arrest an individual. It is not necessary, nor is it usual, to say that he shall not be punished for obeying this order. His security is implied in the order itself. It is no unusual thing, for an act of congress to imply, without expressing, this very exemption from state control." Tennessee v. Davis, supra; Osborn v. Bank of United States, 9 Wheat. 738, 6 L. Ed. 204.

In the case at bar, the powers and functions of a court of the United States, and the rights, duties, and privileges of a litigant therein, while they may not be specifically

defined and expressed in the acts of Congress constituting such courts, nevertheless arise out of those acts by implication of the law.

If we examine the facts of only a few of the numerous cases which have been held to arise under the laws and Constitution of the United States, it will be perceived that there is no escape from the conclusion that the facts of the present case constitute a case arising under those laws.

A long line of cases hold that a corporation deriving its powers from acts of Congress is entitled to have suits brought against it in the state court, removed to the circuit courts of the United States on the ground that they are suits arising under the laws of the United States. The reasoning in these cases is that this must be so, since the company derives its powers and functions and duties from those acts; and suits against it necessarily involve the exercise of those powers, functions, and duties as an original ingredient. The charter of incorporation not only creates it, but gives it every faculty which it possesses. The power to acquire rights, to transact business, to make contracts of any description, to sue on those contracts, is given and measured by its charter, and that charter is a law of the United States. It can acquire no right, make no contract, bring no suit, which is not authorized by a law of the United States. It is not only itself the mere creature of the law, but all its actions and all its rights are dependent on the same law. A being thus constituted cannot have a case which does not arise literally as well as substantially under the law. Osborn v. Bank of U. S., 9 Wheat. 738, 817-828, 6 L. Ed. 204; Pacific R. R. Removal Cases, 115 U. S. 1, 11, 14, 5 S. Ct. 1113, 29 L. Ed. 319; Texas & P. Ry. Co. v. Cox, 145 U. S. 593, 601, 12 S. Ct. 905, 36 L. Ed. 829; Federal Intermediate Credit Bank v. Mitchell, 277 U. S. 213, 48 S. Ct. 449, 72 L. Ed. 854.

In a number of cases, it has been held that suits on bonds given in a federal court proceeding or by a federal court official are suits arising out of the laws of the United States. Tullock v. Mulvane, 184 U. S. 497, 22 S. Ct. 372, 46 L. Ed. 657; Howard v. U. S., 184 U. S. 676, 22 S. Ct. 543, 46 L. Ed. 754; Leslie v. Brown (C. C. A.) 90 F. 171; Files v. Davis (C. C.) 118 F. 465; American Surety Co. v. Shultz (C. C. A.) 223 F. 280.

Where a marshal of the United States was sued in trespass for seizing particular property under an attachment to him directed and defended upon the ground that the property so seized belonged to the defendant named in the writ of attachment, it was held that the case might be removed to the United States court as one arising under the laws of the United States. Bock v. Perkins, 139 U. S. 628, 11 S. Ct. 677, 35 L. Ed. 314.

Where a suit was brought for the value of cotton destroyed by fire, while stored in a warehouse licensed under the United States Warehouse Act, it was held that the suit was one arising under a law regulating commerce and cognizable by the federal courts. Young & Jones v. Hiawatha Co. (D. C.) 17 F.(2d) 193.

Where it was alleged that defendants, pursuant to a conspiracy, caused the plaintiff to be criminally prosecuted in a federal court, and testified falsely before the grand jury and on his trial (which resulted in an acquittal), it was held that an action for malicious prosecution is within the jurisdiction of the federal court as one arising under the Constitution and laws of the United States. Rury v. Gandy et al. (D. C.) 12 F.(2d) 620.

An action against private parties for wrongfully causing the United States marshal to levy execution on plaintiff's chattels was held removable as one arising under the laws of the United States. Hurst v. Cobb (C. C.) 61 F. 1.

A United States District Attorney caused a person to be indicted, arrested, and tried on a criminal charge. At the trial, the court directed a verdict of acquittal. The accused then brought an action in a state court against the United States Attorney for malicious prosecution, and it was removed to the United States court. It was held that the case was properly removed as one arising under the laws of the United States. Eighmy v. Poucher (C. C.) 83 F. 855.

An action by a prisoner against a warden for negligent injury while the prisoner was working in a federal penitentiary was held to be an action arising under a law of the United States, and removable to a federal court. Steele v. Halligan (D. C.) 229 F. 1011.

The reasoning and decisions of the Supreme Court in analogous cases lead to the same conclusion. A statute of the United States (R. S. U. S. 5508, U. S. Code, title 18, § 51 [18 USCA § 51]) makes it a criminal offense to conspire to injure, etc., a citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States. Under this statute it was held by the Supreme Court (Logan v. U. S., 144 U. S. 263,

12 S. Ct. 617, 36 L. Ed. 429) that the right of a prisoner in the custody of a marshal of of the United States to be protected from lawless assaults and mob violence was a right secured to him by the Constitution and laws of the United States. That court also held (Motes v. U. S., 178 U. S. 458, 462, 463, 20 S. Ct. 993, 44 L. Ed. 1150) that the right of a citizen to give information to the proper authorities of violations of the laws of the United States was a right and privilege secured to him by the Constitution and laws of the United States. ·

The counsel for the plaintiff earnestly contends that the case is one arising under the common law, and therefore does not arise under any federal statute. But the Supreme Court has expressly decided adversely to his contention on this point. In Southern Ry. v. Prescott, 240 U. S. 632, 36 S. Ct. 469, 60 L. Ed. 836, a case involving the liability of a common carrier on a bill of lading for an interstate shipment issued pursuant to the act to regulate commerce, the Supreme Court held that a federal question was presented, and that the question as to the responsibility under the bill of lading was none the less a federal one because it must be resolved by the application of the general principles of the common law. Southern Ry. v. Prescott, 240 U. S. 632, 640, 36 S. Ct. 469, 60 L. Ed. 836. See, also, Adams Express Co. v. Croninger, 226 U. S. 491, 506, 509, 510, 33 S. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257; Missouri, Kansas & Texas Ry. v. Harriman, 227 U. S. 657, 672, 33 S. Ct. 397, 57 L. Ed. 690; cf. Young & Jones v. Hiawatha Co. (D. C.) 17 F.(2d) 193, 195.

█ Lastly, counsel for the plaintiff makes a point in his brief which was not alluded to at the oral argument. He contends that the case should be remanded to the state court on the ground that the defendant J. C. King did not join in the petition for removal. In this he has inadvertently overlooked the fact, as disclosed by the record, that there were two petitions presented for the removal; one by the Standard Oil Company alone, on the ground that there was a separable controversy, and in which of course it was not necessary for King to join; and another petition presented by both defendants, the Standard Oil Company and J. C. King, on the ground that the case was one arising under the laws and Constitution of the United States. The point, therefore, is not well taken, because the record discloses a joint petition in that respect.

Inasmuch as it is perfectly clear that the jurisdiction of this court should be sustained on the ground that the case is one arising under the laws and Constitution of the United States, it is not necessary to consider or decide the question whether it may not be sustained also on the ground that there is a separable controversy.

For these reasons, the motion to remand the case to the state court must be denied.