**STATE OF WASHINGTON ex rel. HAMILTON, Atty. Gen., v. AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS et al. (GREENHALGH AMUSEMENT CORPORATION, Intervener).**
No. 564.

District Court, W. D. Washington, S. D.
Dec. 12, 1935.

142

G. W. Hamilton, Atty. Gen., and E. P. Donnelly, Asst. Atty. Gen., for plaintiff.

Palmer, Askren, Brethorst, H. W. Haughland, and Ryan, Askren & Ryan, all of Seattle, Wash., for defendant American Society of Composers, Authors and Publishers.

Byers, Westberg & James, of Seattle, Wash., for defendants KGY, Inc., and Seattle Broadcasting Co.

Kenneth C. Davis, of Seattle, Wash., for defendants KVOS, Inc., Spokane Broadcasting Co., KUJ, Inc., Westcoast Broadcasting Co., Carl E. Haymond, KMO, Inc., KVL, Inc., and KXRO, Inc.

Post, Russell, Davis & Paine, of Spokane, Wash., for defendant Symons Broadcasting Co.

Sherwood & Heiman, of Seattle, Wash., for intervener Greenhalgh Amusement Corporation.

CUSHMAN, District Judge (after stating the facts as above).

On account of the conclusion reached, it is not now necessary to determine whether the petition for removal was timely filed or not.

The complaint alleges, in effect, that the defendant society dominates, in the state of Washington, commerce in compositions of the character described, controlling and owning approximately 95 per cent. of the copyrighted acceptable and popular musical compositions published in the United States.

While the compositions owned and controlled by the defendant society may be copyrighted, a suit to enjoin a conspiracy to restrain commerce and trade in such compositions is not one arising under the copyright laws of the United States. Straus v. American Publishers' Association, 231 U.S. 222–234, 34 S.Ct. 84, 58 L. Ed. 192, L.R.A. 1915A, 1099. See, also, Standard Oil Co. v. United States, 283 U. S. 163, 51 S.Ct. 421, 75 L.Ed. 926.

The allegations made in the petition for removal are not of a nature to bring the case within section 31 of the Judicial Code (title 28 U.S.C.A. § 74).

In the petition for removal are allegations of collusion and the fraudulent bringing of the suit ostensibly in the name of the Attorney General but for and on behalf of the defendant users.

If it be conceded that it has been shown that the Attorney General consented to the assertion in this litigation of claims by certain of the defendant users against the defendant society, or that he sought the granting of more favorable terms by the defendant society to such users, if done by him with the purpose of protecting the public of the state, it would

not amount to fraud upon his part, and, if he failed to disclose such purpose at once, that fact would not be a concealment of a fraudulent character.

From time immemorial the Attorney General, using the testimony of an accomplice, even an accomplice of a murderer, would impliedly promise that accomplice immunity. Whiskey Cases, 99 U.S. 594–605, 606, 25 L.Ed. 399; Saunders v. Lowry (C.C.A.) 58 F.(2d) 158.

Nothing has been shown that would impute to the Attorney General any purpose beyond that of protecting the public by such means.

So, in this case it may be conceded that the fraudulent prosecution by the Attorney General of a suit such as this, whether fraud was actual or constructive, would, in law, in so far as such suit was concerned, strip him of such official character, reducing him to the status of an individual litigant, and change the state's case from one brought as a sovereign to one of a civil nature, which, other requirements existing, would be removable.

In such a case the court would, it may further be conceded, be concerned with a realignment of parties plaintiff and defendant, the existence of a separable controversy and diversity of citizenship, but, absent such fraud, such a case, being one by the state, is not removable. Minnesota v. Northern Securities Co., 194 U.S. 48–63, 24 S.Ct. 598, 48 L.Ed. 870; Postal Telegraph Cable Co. v. Alabama, 155 U.S. 482–487, 15 S.Ct. 192, 39 L.Ed. 231; Ames v. Kansas, 111 U.S. 449, 4 S.Ct. 437, 28 L.Ed. 482; Stone v. South Carolina, 117 U.S. 430, 6 S.Ct. 799, 29 L.Ed. 962; Germania Insurance Co. v. Wisconsin, 119 U.S. 473, 7 S.Ct. 260, 30 L.Ed. 461.

It has been further contended on behalf of the removing defendant that by requesting the appointment of a receiver to take over the public performing rights in musical numbers, the copyrights of which are held by the defendant society, and its members, and the request that the receiver be authorized to extend existing contracts and make new contracts, thereby there was presented a federal question. Such action and that of the court taken pursuant to it did not render the cause removable. Such action was incidental to the main suit.

In so far as the decision in State of Ohio v. Swift & Co. (C.C.A.) 270 F. 141, is similar to the present suit, it supports the motion to remand rather than the petition for removal. The validity of no state law nor state court construction thereof violative of the Constitution of the United States are in question in the present suit.

The motion to remand will be granted.

Any order or orders embodying the rulings herein made will be settled upon notice.

The clerk is directed to notify the attorneys for the parties of the filing of this decision.