**Mona R. JAKOUBEK, Plaintiff,**

v.

**FORTIS BENEFITS INSURANCE COMPANY, et al., Defendants.**

No. 8:03CV290.

United States District Court, D. Nebraska.

Oct. 29, 2003.

Allan J. Eurek, Lincoln, NE, for Plaintiff.

Harvey B. Cooper, Abrahams, Kaslow Law Firm, Omaha, NE, Richard N. Bien, Robyn L. Turner, Lathrop, Gage Law Firm, Kansas City, MO, Tyler P. McLeod, Abrahams, Kaslow Law Firm, Omaha, NE, for Defendants.

Charles E. Lowe, Attorney General's Office, Melanie J. Whittamore–Mantzios, Wolfe, Snowden Law Firm, Lincoln, NE, for Nebraska Department of Administrative Services.

## MEMORANDUM AND ORDER

PIESTER, United States Magistrate Judge.

The plaintiff, Mona R. Jakoubek ("Jakoubek") filed suit against Fortis Benefits Insurance Company ("Fortis"), a Minnesota Corporation, and the State of Nebraska and its Department of Administrative Services ("State defendants"). The plaintiff seeks a declaration that she is totally disabled and entitled to payments under a Fortis long term disability insurance policy she obtained through her employment with the Department of Administrative Services ("DAS"), an agency of the State of Nebraska ("State"). Fortis removed the case to federal court on the basis of diversity jurisdiction. See filing 1. Arguing lack of federal subject matter jurisdiction, the plaintiff has filed a motion for remand.

Filing 14. For the reasons discussed herein, I shall deny plaintiff's motion.

The parties' respective arguments are based solely on the allegations set forth in plaintiff's complaint. No additional evidence was submitted for the court's determination of subject matter jurisdiction.[1] The factual statements in plaintiff's complaint, as more fully discussed hereafter, are therefore considered undisputed for the purpose of determining this motion for remand.

The plaintiff was employed within DAS beginning prior to 1995 and until June of 2000. Before 1995 the State was the policyholder of a group long term disability policy available to state employees through Hartford Insurance Company. In 1995 Fortis became the insurer of the State's group long term disability policy. Filing 1, complaint ¶¶ 3–5. Through the Nebraska State Insurance Program, Neb.Rev.Stat. §§ 84–1601 through 84–1617, the plaintiff was permitted to and did purchase long term disability coverage, the premiums of which were deducted from her wages. Filing 1, complaint ¶¶ 5, 6, & 9.

When the insurer for the group disability policy changed from Hartford to Fortis in 1995, the plaintiff selected Option 1 of the plan insured through Fortis. Option 1 of the Fortis policy provided benefits of sixty percent of a covered employee's monthly salary up to a maximum of $5000 with an elimination period of six months. Filing 1, complaint ¶¶ 6–7. The 1995 Fortis policy (filing 1, complaint ¶ 5; filing 27, exhibit A) was amended in 1999. Filing 1, complaint ¶ 8; filing 27, exhibit B.

The plaintiff has been medically unable to perform her employment duties since September 24, 1999. On that date she developed symptoms which were ultimately diagnosed as thoracic outlet syndrome caused by work-related repetitive motion. She was later diagnosed with myofascial pain syndrome. Jakoubek became clinically depressed and in February 2000, her doctor stated she was unable to perform the essential functions of her job. In May 2000, the State defendants informed the plaintiff that steps were underway to terminate her employment because she could not perform her job. (Filing 1, complaint ¶ 14; filing 27, Exhibit C). Plaintiff's state employment was terminated in June of 2000. (Filing 1, complaint ¶ 15).

Plaintiff submitted claims for disability benefits to both the Social Security Administration and Fortis. She has been found totally disabled and entitled to Social Security benefits. (Filing 1, complaint ¶¶ 19–20). Fortis initially denied plaintiff's claim and determined she was not entitled to long term disability coverage. Upon appeal of that decision, Fortis determined plaintiff was totally disabled due to mental illness and therefore limited her coverage to two years beginning September 24, 1999. The plaintiff challenged this determination, claiming she was physically disabled and therefore entitled to disability coverage for a longer period of time. Fortis denied that claim. Filing 1, complaint ¶ 21.

Under the terms of the Fortis long term disability policy, as amended in 1999 by Exhibit B, Fortis has "the sole discretionary authority to determine eligibility for participation or benefits and to interpret the terms of the Policy. All determinations and interpretations made by [Fortis] are conclusive and binding on all parties." Filing 27, exhibit B, p. 25 "Authority". The plaintiff asserts that a

---

**1.** Pursuant to court order (filing 26), the plaintiff filed a legible paper copy of the May 2, 2000 letter from the State defendants and the Fortis insurance policies and amendments at issue in this litigation. These exhibits were originally attached to plaintiff's state court complaint and were incorporated therein by reference. See filing 27.

"genuine controversy exists between Plaintiff and Defendants concerning whether or not Plaintiff is entitled to additional long term disability benefits under the Policy and the amount thereof...." Filing 1, complaint ¶ 22. The plaintiff, who is currently forty-five years old, requests a judgment declaring she is totally and physically disabled, and therefore entitled to long term disability benefits until she reaches at least sixty-five years of age. She requests a monetary judgment against the defendants and in addition to the $5,922.00 already owed to the date of filing, states she is entitled to receive approximately $1360 ($2,344.60 minus social security payments of $984.10 (subject to cost of living increases)) in monthly long term disability benefits. Filing 1, complaint §§ 23–27. See also, filing 1, removal notice ¶ 8. Plaintiff's total claim significantly exceeds $75,000. The plaintiff further claims a right to recover attorney fees and costs pursuant to Neb. Rev.Stat. § 44–359 and 25–1803. Filing 1, complaint §§ 28–29.

■ Fortis removed this case to federal court on the basis of diversity jurisdiction.[2] Fortis asserts the federal court has diversity jurisdiction over this action because the amount in controversy exceeds $75,000, and complete diversity exists between the plaintiff and defendants. Filing 1, removal notice ¶ 4. Fortis claims that since the State defendants are not citizens of any state for the purpose of diversity, they and the plaintiff are not citizens of the same state and diversity therefore exists. In the alternative, Fortis claims plaintiff cannot obtain the relief requested from anyone other than Fortis, the State defendants are only nominal defendants, and plaintiff fraudulently joined them to deprive the federal court of jurisdiction. Filing 1, removal notice ¶¶ 5–6. The plaintiff asserts this case must be remanded because the plaintiff and the State defendants are not citizens of different states, the State defendants are necessary and indispensable parties which cannot be sued in federal court on the basis of diversity, and the Eleventh Amendment precludes this court from granting the requested monetary relief against the State defendants. Filing 14, motion for remand and filing 15, remand brief at p. 2.

■ As the party opposing remand to state court, Fortis has the burden of establishing federal subject matter jurisdiction. *Green v. Ameritrade, Inc.*, 279 F.3d 590 (8th Cir.2002); *Quality Refrig. Services, Inc. v. City of Spencer*, 908 F.Supp. 1471, 1483 (N.D.Ia.1995). Fortis contends that since the State defendants are not citizens, their existence as named defendants must be disregarded in determining complete diversity. In other words, the court can ignore the existence of these defendants and determine that complete diversity between the plaintiff and Fortis is sufficient to establish federal jurisdiction over the case. See Filing 25, Fortis brief at p. 3–4. The law is to the contrary.

■ When a suit is filed against more than one defendant, the requirements of the diversity statute must be met for each defendant. Complete diversity of citizenship must exist. *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989). The state and its agencies are not citizens and no diversity of citizenship, as defined by 28 U.S.C. § 1332, can therefore exist between Jakoubek and the State defendants. *Illinois v. City of Milwaukee, Wis.*, 406 U.S.

---

**2.** The State of Nebraska's group long term disability plan is a governmental employee benefit plan and is therefore exempt from ERISA. *Fromm v. Principal Health Care of Iowa, Inc.*, 244 F.3d 652 (8th Cir.2001). Federal question jurisdiction was not alleged and does not exist.

91, 98 n. 1, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972); *State Highway Commission in Arkansas v. Kansas City Bridge Co.,* 81 F.2d 689, 691 (8th Cir.1936)(citing *State Highway Commission of Wyoming v. Utah Construction Co.,* 278 U.S. 194, 199, 49 S.Ct. 104, 73 L.Ed. 262 (1929); *Postal Telegraph Cable Co. v. State of Alabama,* 155 U.S. 482, 487, 15 S.Ct. 192, 39 L.Ed. 231 (1894); *State of Minnesota v. Northern Securities Co.,* 194 U.S. 48, 63, 24 S.Ct. 598, 48 L.Ed. 870 (1904); *Stone v. South Carolina,* 117 U.S. 430, 6 S.Ct. 799, 29 L.Ed. 962 (1886); *Germania Insurance Co. v. Wisconsin,* 119 U.S. 473, 7 S.Ct. 260, 30 L.Ed. 461 (1886); *Hertz et al. v. Knudson,* 6 F.2d 812, 815 (8th Cir.1925); *Cargile et al. v. New York Trust Co.,* 67 F.2d 585, 589 (8th Cir.1933)).

Fortis argues that since the plaintiff is a citizen of Nebraska, and neither defendant is a Nebraska citizen, complete diversity exists. However, 28 U.S.C. § 1332(a)(1) grants federal diversity jurisdiction only when plaintiffs and defendants are citizens of different states. Since the State defendants are not citizens, they and the plaintiff cannot be citizens of different states. "If a party is not a citizen of a state at all, then it is not a citizen of a different state and it would be inappropriate to allow that party to bring a case or be subject to federal jurisdiction based only on diversity of citizenship." *Batton v. Georgia Gulf,* 261 F.Supp.2d 575, 582 (M.D.La.2003)(presence of state agency as a codefendant destroyed complete diversity). Assuming the State and DAS were properly named as defendants, complete diversity and federal subject matter jurisdiction is lacking. *Long v. District of Columbia,* 820 F.2d 409, 416 (D.C.Cir.1987)(absent dismissal of District of Columbia as a "noncitizen" and therefore nondiverse defendant, federal diversity jurisdiction also lacking in plaintiff's suit brought against a diverse codefendant). See also, *Town of Ogden Dunes v. Bethlehem Steel Corp.,* 996 F.Supp. 850, 853 (N.D.Ind.1998)(no federal jurisdiction existed over codefendant steel companies where joinder of state agency as defendant destroyed complete diversity).

■ However, complete diversity of citizenship under 28 U.S.C. § 1332(a) depends on the citizenship of the real parties to the controversy when the complaint is filed. *Associated Ins. Management Corp. v. Arkansas General Agency, Inc.,* 149 F.3d 794, 796 (8th Cir.1998)(citing *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 461, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980); *Iowa Pub. Serv. Co. v. Medicine Bow Coal Co.,* 556 F.2d 400, 404 (8th Cir.1977); *Airlines Reporting Corp. v. S & N Travel, Inc.,* 58 F.3d 857, 861–62 (2d Cir.1995)). If the state is named as a party, but has no real substantial legal interest in the controversy, its nominal status does not defeat federal diversity jurisdiction. *Ex parte State of Nebraska,* 209 U.S. 436, 445, 28 S.Ct. 581, 52 L.Ed. 876 (1908).

■ Fortis argues the State defendants are merely nominal parties to this action. Fortis argues:

> [T]he State of Nebraska Defendants ... have no interest in the outcome of Plaintiff's claim for long term disability benefits under the Group Insurance Policy issued by Defendant Fortis. Plaintiff is the only party able to assert entitlement to the long term disability benefits and Defendant Fortis is the only party potentially liable for payment of the benefits under the Group Insurance Policy. The State of Nebraska Defendants have no ownership or interest in the benefits at issue. Thus, they are, at best, nominal parties to this litigation.

Filing 25, Fortis brief at p. 5.

In contrast, the plaintiff claims the State defendants are necessary and indispensable parties. According to the plaintiff,

the State defendants have an interest in the litigation because: 1) the State is obligated to assure that an insurer selected by the State pays the claims made by state employees; 2) the State will face costly administrative burdens if required to process potentially recurring claims based on fibromyalgia as the disabling disease; and 3) any success or defeat in defending against disability claims based on fibromyalgia will impact the quality, continued coverage, and cost of the group long term disability policy. Filing 15, plaintiff brief at p. 10–13.

Neb.Rev.Stat. § 84–1601 through 84–1617 establish and set forth the governing provisions of Nebraska's program to provide employees with access to group life, health, disability, and dental insurance. Under Nebraska law, while the DAS administers the Nebraska State Insurance Program as set forth in the statutes, (Neb. Rev.Stat. § 84–1602), the DAS must select one or more carriers "licensed to do insurance business in Nebraska to serve as administrator of the insurance contract or contracts." Neb.Rev.Stat. § 84–1603. The selected insurance companies therefore administer the claims of employees seeking coverage on the policy while DAS administers the statutory program by selecting insurance plans and insurers, negotiating coverage terms, assuring that eligible employees have access to enroll in a state group benefit plan, and collecting premiums through payroll deduction for forwarding to the insurance companies.

The plaintiff has not expressly or implicitly alleged that the State defendants violated any provision of Neb.Rev.Stat. § 84–1601 through 84–1617, and there is no provision in the statutes requiring the State defendants to be named as parties in actions to recover payments on an insurance policy. The plaintiff's lawsuit is not based on a claim that she was eligible but denied access to an insurance plan, that the State defendants are liable for selecting Fortis as a carrier, or that the State defendants failed to submit her withheld policy premiums to Fortis. The plaintiff's claim is for a declaration that she is physically disabled under the policy terms and therefore entitled to additional disability payments.

Contrary to the plaintiff's argument, while the State may have an interest in preserving a favorable claims history to better negotiate premiums for future group employee benefit plan, this indirect and remote pecuniary interest in not sufficient to establish the state as a real party and preclude removal.

> It is true that the state has a governmental interest in the welfare of all its citizens, in compelling obedience to the legal orders of all its officials, and in securing compliance with all its laws. But such general governmental interest is not that which makes the state, as an organized political community, a party in interest in the litigation, for if that were so the state would be a party in interest in all litigation; because the purpose of all litigation is to preserve and enforce rights and secure compliance with the law of the state, either statute or common. The interest must be one in the state as an artificial person.

*Missouri, K. & T. Ry. Co. of Kansas v. Hickman,* 183 U.S. 53, 60, 22 S.Ct. 18, 46 L.Ed. 78 (1901)(where direct object of suit was to compel railway to comply with the order of the commissioners, state was not real party because its only interest in litigation was possible liability for costs, and possible benefit of collecting penalty payments for state's school fund).

Further, the State defendants do not administer benefit claims and are not responsible for obtaining payment on an employee's claim against an insurer for benefits on a policy. Consistent with Neb.Rev.

Stat. § 84–1603, the Fortis policy provides that Fortis is the administrator of that insurance contract with "the sole discretionary authority to determine eligibility for participation or benefits and to interpret the terms of the Policy." (Filing 27, exhibit B, p. 25 "Authority"). The plaintiff is seeking long-term disability and salary continuation benefits under an employee benefit plan. The plaintiff's employer, the State defendants, are not proper party defendants in this action. *Layes v. Mead Corp.*, 132 F.3d 1246, 1249 (8th Cir.1998) [3] (where insurer was the sole administrator of plan disability policy, employer was not proper party defendant in employee's action for benefits)(citing *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir.1997); *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir.1988)).

The determination of whether the State defendants are real parties rests on examining the effect of any judgment entered in favor of the plaintiff. Though named as parties, if that potential judgment will neither enjoin the State defendants nor impact the State's treasury, they are not real party defendants. *Edelman v. Jordan*, 415 U.S. 651, 668, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *State of Minnesota v. Hitchcock*, 185 U.S. 373, 387, 22 S.Ct. 650, 46 L.Ed. 954 (1902); *Sherman v. Curators of University of Missouri*, 16 F.3d 860 (8th Cir.1994); *Chicago, R.I. & P.R. Co. v. Long*, 181 F.2d 295, 298 (8th Cir.1950).

Plaintiff requests payment of benefits under the terms of the Fortis policy. This relief will be obtained, if at all, from Fortis. As such, Fortis is the party that has, as administrator of claims made under the policy, determined plaintiff is not physically disabled and entitled to continuing disability benefits. Fortis has the sole authority to administer the plan, make this determination, and grant the plaintiff's requested relief. It is therefore the sole and proper real party defendant in this action challenging denial of benefits.[4] See, *Duckett v. Blue Cross and Blue Shield of Alabama*, 123 F.Supp.2d 1286, 1292 (M.D.Ala.2000)(employer was not a proper defendant where relief requested was insurance benefits which were denied by insurance company).

For all the foregoing reasons, I conclude the State defendants are not real parties but only nominal defendants in this case. Complete diversity exists as to the real parties to this action, the amount in controversy exceeds $75,000, and federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332. Plaintiff's motion for remand must be denied.

IT THEREFORE HEREBY IS ORDERED: Plaintiff's motion for remand, filing 14, is denied.

---

**3.** The court recognizes that *Layes v. Mead Corp.*, 132 F.3d 1246, 1249 (8th Cir.1998) is an ERISA case while the plaintiff's claim is not. Under the facts of this case, and for the purpose of determining the State's interest in this litigation, the distinction is not relevant. As in the present action, under ERISA, a "civil action may be brought by a participant ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan...." 29 U.S.C.A. § 1132(a)(1)(B).

**4.** The plaintiff has also alleged a right to recover attorney fees from the State defendants under Neb.Rev.Stat. § 25–1803, which requires an award of fees for claims brought pursuant to the Administrative Procedure Act, Neb.Rev.Stat. § 84–901 though 84–920. It is doubtful that Neb.Rev.Stat. § 25–1803 applies to this case for recovery of benefits under an insurance policy, but since I find the State defendants are not proper defendants to provide the substantive relief requested, I need not discuss the merits of any argument for attorney fees under § 25–1803.